# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TYRELL LOPER, | ) | ID NO. 1809005786 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Decided: September 21, 2022

*Upon the Defendant's Amended Motion for Postconviction Relief Pursuant to Rule 61.* **DENIED.**

## ORDER

Erika Flaschner, Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for the State of Delaware.

Benjamin S. Gifford IV, Esquire, Law Office of Benjamin S. Gifford IV, Wilmington, DE 19804

Tyrell Loper, *Pro Se*.

**SCOTT, J.**

1

**INTRODUCTION**

Before the Court is Defendant Tyrell Loper's ("Defendant") Amended Motion for Postconviction Relief ("Motion"). Defendant filed the instant Motion for Postconviction Relief as well as a motion for appointment of counsel on November 19, 2020. The Court granted the request and Defendant was appointed counsel. On February 14, 2022, appointed counsel filed an Amended Motion for Post-Conviction Relief. This Court will consider Defendant's Amended Motion for Postconviction Relief, the State of Delaware's ("State") response, Trial Counsel's filed affidavit, and Defendant's reply. For the reasons stated below, Defendant's Motion for Postconviction Relief is **DENIED**.

**PROCEDURAL BACKGROUND**

On September 10, 2018, Defendant was arrested on drug related charges. On October 8, 2018, a Delaware grand jury returned a five-count indictment, charging Defendant with Drug Dealing Heroin (Class B Felony), Aggravated Possession of heroin (Class B Felony), Drug Dealing Cocaine (Class D Felony), Aggravated Possession of Cocaine (Class D Felony), and Possession of Drug Paraphernalia.

Prior to trial, the State entered a *nolle prosequi* on the Aggravated Possession of Cocaine charge. On March 12, 2019, Defendant waived his right to a jury trial, and his case proceeded that same day as a bench trial. On March 13, 2019, a judge in this Court found the Defendant guilty of both drug dealing counts and the

2

misdemeanor paraphernalia charge and Defendant was acquitted of Aggravated Possession of Heroin.

On September 27, 2019, Defendant was sentenced to the following:

- Drug Dealing Heroin (Class B): 20 years Level V, suspended after 3 years, for 2 years Level IV supervision, suspended after six months for 18 months of Level III.

- Drug Dealing Cocaine (Class D): 5 years of Level V, suspended after 1 year for 18 months of Level III.

- Possession of Drug Paraphernalia (misdemeanor): $50 fine

On October 7, 2019, Trial Counsel filed a Notice of Appeal with the Supreme Court of Delaware. On October 20, 2019, Santino Ceccotti, Esquire, ("Appellate Counsel") filed an entry of appearance and substitution of counsel, thereby taking Trial Counsel's place for the appeal.

On February 24, 2020, Appellate Counsel moved to withdraw under Supreme Court Rule 26(c) as the appeal lacked merit upon reviewing the record and the law. Subsequently, Defendant filed points that he wished for the Supreme Court to consider on his appeal. The State filed its response to Appellate Counsel's brief and the defendant's points for consideration on March 11, 2020. On June 1, 2020, the Supreme Court issued a decision affirming Defendant's conviction and issued its mandate on July 6, 2020.

Defendant filed a *pro se* Motion for Postconviction Relief as well as a motion for appointment of counsel on November 19, 2020. The Court granted the request and Defendant was appointed counsel. On February 14, 2022, appointed counsel filed this Amended Motion for Post-Conviction Relief that is now before this Court. Defendant contends his Trial Counsel was ineffective for failing to move to suppress the search of Apartment 1 located at 812 North Adams Street in Wilmington, DE, as well as the search of his person. Due to the allegation of ineffective assistance of counsel, this Court ordered Trial Counsel to respond to the allegations by affidavit. Trial Counsel's affidavit will be considered in this Motion.

## FACTS

**Investigation leading to issuance of search warrant.**

> ***The following facts were contained within in the four corners of the warrant:***

During the first half of August of 2018, Detective Justin Wilkers of the Wilmington Police Department ("Lead Detective") made contact with "a past proven reliable confidential information" ("CI-1") regarding an apartment located at 812 North Adams Street in Wilmington, Delaware ("North Adams Street"). CI-1 told Lead Detective that a black male known as "Diddy" occupied Apartment 1 (described as the downstairs apartment to the immediate left) and was using it to store and distribute heroin and cocaine. CI-1 also informed the police that "Diddy"

4

was known to keep and carry firearms. "Diddy" was described as a short, medium build black male in his thirties with facial hair.

During the time Lead Detective was getting information from CI-1, Lead Detective met with CI-1 to set up a controlled drug buy from "Diddy" at North Adams Street, Apartment 1. Prior to CI-1's arrival, a short black male fitting the description of CI-1 entered the residence.

Before the controlled purchase, CI-1 was checked for contraband and currency, and was supplied with a sum of departmentally issued buy money. Police observed CI-1 enter the front main door of North Adams Street, where CI-1 remained for a brief period before exiting the building. CI-1 was searched for contraband and currency before providing Lead Detective with a powdery substance consistent with packaged heroin. CI-1 stated that "Diddy" was the individual who provided him with the heroin.

During the second half of August 2018, Lead Detective made contact with a second "past proven reliable confidential information" ("CI-2") regarding North Adams Street, Apartment 1. CI-2 reiterated CI-1's information, stating that "Diddy" distributed heroin and cocaine from Apartment 1 and described "Diddy" as a short, brown-skinned, black male with a beard in his mid-thirties.

Through investigative techniques, Lead Detective identified "Diddy" as the Defendant and then showed CI-1 and CI-2 DELJIS photographs of Defendant. Both CIs positively identified the photographs as "Diddy."

During the last week of August 2018, Lead Detective made contact with CI-1 again and CI-1 confirmed Defendant was still actively distributing heroin and cocaine from their stored location at North Adams Street.

During the first week of September 2018, Lead Detective made contact with a confidential source ("CS") regarding the Defendant and North Adams Street. CS corroborated all information previously obtained from CI-1 and CI-2. CS stated that "Diddy" was using North Adams Street, Apartment 1 to keep and distribute large amounts of cocaine and heroin and he also utilized a white Crown Victoria or Grand Marquis style vehicle to store illegal contraband. CS further stated which parking lot the vehicle was parked, and that Defendant would often enter and exit the vehicle before making the drug transactions, but the vehicle typically did not move from the identified parking lot. The police showed a photograph of Defendant to CS and CS identified Defendant as "Diddy"

After obtaining the information about the vehicle, Lead Detective observed the vehicle in the parking lot and surveillance was initiated on the vehicle for several days. The vehicle remained stationary.

6

Subsequently, Lead Detective met with CI-1 again during the first week of September 2018 and CI-1 confirmed the drug operation was still active and Defendant was using North Adams Street, Apartment 1 as well as the 800 blocks of West 7th and West 8th Streets to conduct transactions.

On September 10, 2018, Lead Detective, serving as affiant and swearing to the above investigation, applied for, and was granted a search warrant from the Justice of the Peace Court for the State of Delaware.

## DEFENDANT'S ASSERTIONS

On the face of Defendant's Amended Motion, one ground for postconviction relief is asserted: ineffective assistance of counsel. He alleges his trial counsel failed to file a case-dispositive motion to suppress for want of probable cause as the warrant relied solely on uncorroborated information provided by confidential informants, thereby causing him prejudice. He explains that Trial Counsel provided deficient performance by not moving to suppress the search of North Adams Street, Apartment 1 and Defendant's person because the search warrant granted by the court for North Adams Street did not establish reliability of the confidential informants whose statements were contained in the affidavit.

## DISCUSSION

### I. No Procedural Bar Exist to Preclude Court from Analyzing Defendant's Claim

The Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[1] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[2]

Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment.[3] Defendant's Motion is not time barred by Rule 61(i)(1) because Defendant appealed his conviction to the Delaware Supreme Court, so the judgment of conviction did not become final until July 6, 2020. Defendant then timely filed for Postconviction Relief on November 19, 2020, within one year of his conviction becoming final. Rule 61(i)(2)[4] bars successive postconviction motions, which is not applicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[5] This bar is applicable to Defendant's claims. Ordinarily, ineffective assistance of counsel cannot have been raised in any direct appeal, therefore the procedural bar would not apply. Finally, Rule 61(i)(4) bars

---

[1] Super. Ct. Crim. R. 61 (i)( 1).
[2] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[3] See Super. Ct. Crim. R. 61 (i)(1) (motion must be filed within one year of when conviction becomes final.)
[4] Super. Ct. Crim. R. 61(i)(2).
[5] Super. Ct. Crim. R. 61(i)(3).

relief if the motion is based on a formally adjudicated ground.[6] This bar does not apply. Therefore, no procedural bar exists in the present case. The Court must analyze the merits of Defendant's Motion.

## II. Ineffective Assistance of Counsel Claim Fails

### A. Standard of Review

Delaware has adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[7] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness"[8] and that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[9]

To avoid the "distorting effects of hindsight," counsel's actions are afforded a strong presumption of reasonableness.[10] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having

---

[6] Super. Ct. Crim. R. 61(i)(4).
[7] *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).
[8] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[9] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[10] *Neal v. State*, 80 A.3d 935, 942 (Del. 2013) (citing *Strickland*, 466 U.S. at 689).

produced a just result."[11] The Court's objective in evaluating counsel's conduct is to "reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[12]

> B. *Trial Counsel's representation did not fall below the objective standard of reasonableness.*

Trial Counsel avers his actions were effective. First, Trial Counsel states he did not seek to suppress the evidence obtained from North Adams Street because, in his professional opinion, the accompanying affidavit contained facts that were corroborated by all three informants as to the identity of Defendant, description of Defendant, the location of Defendant and the controlled buy corroborated the illegality of activity Defendant was alleged to have engaged in. Other than vague arguments that the warrants were not valid, Defendant does not point to anything within the warrants' four corners that supports his position. There were two confidential informants, as well as a confidential source in this matter. All three sources identified the suspect they knew as "Diddy" as an individual distributing heroin and cocaine out of North Adams Street, as well as corroborated which apartment "Diddy" used. The three sources positively identified Defendant is the person they referred to as "Diddy" based on a photograph. The two confidential

---

[11] *State v. Wright*, 2015 WL 648818, at \*3 (Del. Super. Feb. 12, 2015) (internal quotation marks omitted).
[12] *Neal*, 80 A.3d at 942 (citing Strickland, 466 U.S. at 689).

10

informants described Defendant in the same way, as a short black male with facial hair in his thirties. Additionally, the information CS gave about Defendant's car was verified by the police surveillance and observance of the vehicle not moving. CI-1's information was verified by the controlled buy as the police saw an individual matching Defendant's description enter North Adams Street before CI-1's arrival and CI-1 identified "Diddy" as the person who gave him the powdery substance. The Court agrees with Trial Counsel that the facts contained within the warrant were sufficiently corroborated. Within the four corners of the warrant, there is probable cause to search North Adams Street. Therefore, Trial Counsel's decision not to move to suppress did not fall below the objective standard of reasonableness.

## CONCLUSION

Therefore, for the reasons stated above, the Defendant's Motion for Postconviction Relief is **DENIED.**

**IT IS SO ORDERED.**

**Judge Calvin L. Scott, Jr.**

11